MINNIE MAY HOLT, PLAINTIFF, v. NEW YORK, SUSQUE-HANNA AND WESTERN RAILROAD COMPANY AND ERIE RAILROAD COMPANY, DEFENDANTS.

Submitted October 16. 1931—Decided February 5, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the plaintiff, *Peter J. McGinnis.*

For the defendants, *George S. Hobart* and *Ralph E. Cooper.*

PER CURIAM.

Plaintiff has a verdict of $1,500 for damages alleged to have been sustained on January 30th, 1917, at the Jersey City terminal of the defendant Erie Railroad Company by slipping and falling. The reasons argued are that the court should have nonsuited and refused to do so and that the verdict is against the weight of evidence.

There was a contradiction in the testimony as to the place where plaintiff slipped and fell. That she did slip and fall appears not only by her own testimony but that of defendants' witnesses, Shanley and Swan, the first of whom saw her fall, and the second "saw a streak about six or eight inches long where she had slipped with her heel." The witness Brundage, then a claim agent for defendant, was promptly summoned and went to the station, found the plaintiff in the woman's room, talked with her, and went out on the platform with her, where she pointed out the place. These witnesses for defendants locate it at the gate leading from the waiting room to tracks nine and ten. Plaintiff locates it at a gateway at right angles to the other and leading north from the cross passage to the platform between tracks eleven and twelve.

She was a passenger on an incoming train at eight-twenty-five A. M., had just alighted, and was on her way to the ferry or the exit. The charge of negligence in the complaint is a broad one, alleging snow, ice, slush, debris, rubbish and dirt, platform and walks in uneven and dangerous conditions and out of repair, and that she was caused to slip or fall upon the said ice, snow, debris, rubbish and dirt so allowed to remain on the said platform, &c.

The evidence for the defendants is that there was no ice or snow at either place. There had been a fall of some two

inches several days before, but where it had not metled it had been swept away. At the north gate designated by plaintiff there was more exposure to the weather than at the other, which was well under roof. Plaintiff's story is in substance that there was snow piled up as she turned south to pass through the gate, she slipped and fell and in the act of falling noticed there was ice, &c.

The great weight of the evidence indicates that the fall was at the other gate, and the physical conditions also point to that theory. From the north gate southerly to the midway line between tracks eight and nine, a distance of thirty feet or more, the flooring slopes downward at one-half inch to a foot, or a four per cent. grade, and the boards run longitudinally, as shown by the photograph in evidence. Shanley testified: "I saw Miss Holt as she came down the incline, and just as she got at the incline, where this cross is, her feet shot out from under her * * * There was no snow * * * or ice * * * the platform was slightly damp, due to moisture from the wood." Swan testified: "I found that the platform was damp from the footprints of the passengers walking through * * * and I saw a streak about six or eight inches long where she had slipped with her heel." There was no snow, nor ice, nor mud.

We think the verdict clearly against the weight of evidence if based on snow or ice or mud at the north gate; and if the jury were at liberty to consider the other gate, there was no evidence of snow, ice, or mud there. If the complaint had so charged and the court had so instructed the jury, they could probably have considered the evidence as indicating failure to use proper precautions against falling on this incline, where the slippery condition of the planks and the grain of the wood favored just such an accident as seems to have happened there. But even if the complaint can be said to cover such a situation—which is most doubtful—the court did not present the case to the jury on any such theory, and if not, it cannot be availed of to support the verdict.

The rule to show cause will be made absolute.